**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2515**

MAUREEN HILL,

            Plaintiff – Appellant,

      v.

CHUCK HAGEL, Hon. in his official capacity as Secretary,
U.S. Department of Defense,

            Defendant – Appellee,

      and

MIKE MULLEN, Chairman of the Joint Chiefs; MARTIN E.
DEMPSEY, GENERAL – Chairman of the Joint Chiefs,

            Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Liam O'Grady, District
Judge.  (1:12-cv-00350-LO-JFA)

Argued:  January 28, 2014          Decided:  March 21, 2014

Before TRAXLER, Chief Judge, and MOTZ and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Richard Talbot Seymour, LAW OFFICES OF RICHARD T.
SEYMOUR, PLLC, Washington, D.C., for Appellant.    David
Moskowitz, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria,
Virginia, for Appellee.  **ON BRIEF**: Gary M. Gilbert, Kevin Lee

Owen, Ari M. Wilkenfeld, LAW OFFICES OF GARY M. GILBERT & ASSOCIATES, PC, Silver Spring, Maryland; John J. Rigby, MCINROY & RIGBY, LLP, Arlington, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Bernard G. Kim, Assistant United States Attorney, R. Joseph Sher, Deputy Chief, Civil Division, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maureen Hill appeals a district court order granting judgment against her in her employment discrimination action. Finding no error, we affirm.

## I.

Hill, who is an African-American woman, was hired in January 2005 by the Defense Department Joint Staff to be a Supervisory Technical Information Specialist in its Information Management Division. Hill's time with the Joint Staff was contentious, and she filed and litigated four separate Equal Employment Opportunity ("EEO") complaints beginning in 2005, giving rise to four EEO reports of investigation. She was terminated in August 2007.

Hill appealed her termination to the Merit Systems Protection Board ("MSPB"). An administrative law judge ("ALJ") upheld the termination, and the MSPB subsequently issued a final order affirming the ALJ's decision. Hill then appealed the MSPB's final order to the Equal Employment Opportunity Commission, which affirmed the MSPB's decision and upheld Hill's termination.

Hill subsequently filed suit in federal district court challenging the MSPB's decision as arbitrary, capricious, and unsupported by substantial evidence and asserting a claim of a hostile work environment based on race and gender as well as

3

claims of race and gender discrimination and retaliation. Hill's claims concern many actions allegedly taken against her during her employment, including, among others, unfair evaluations; issuance of a performance improvement plan; removal of her supervisory duties; proposed and actual suspensions; leave restrictions; determinations that she was absent without leave; revocation of her security clearance; and her termination.

The government moved to dismiss, for lack of subject-matter jurisdiction, Hill's retaliation claim to the extent that it concerned the revocation of her security clearance. See Fed. R. Civ. P. 12(b)(1). The government also moved for judgment on the pleadings on her hostile work environment claim and another portion of her retaliation claim. See Fed. R. Civ. P. 12(c). And, the government moved for summary judgment on the entire action. See Fed. R. Civ. P. 56.

The district court ruled in the government's favor on all claims. The district court dismissed for lack of subject-matter jurisdiction Hill's retaliation claim to the extent it challenged the revocation of her security clearance. The court also granted judgment on the pleadings against Hill on her hostile-work-environment claim. Additionally, the court granted summary judgment against Hill on her discrimination claims and the remaining portion of her retaliation claim. The court

4

specifically ruled that Hill's challenges to her termination were time-barred and that Hill had failed to demonstrate that she was entitled to equitable tolling. As for the other race- and gender-based discrimination claims, the district court concluded that Hill failed to create a genuine factual issue concerning whether there was any causal nexus between her race or gender and any of the complained-of actions. And concerning Hill's retaliation claim, the district court concluded as a matter of law that with regard to each complained-of action, either Hill failed to exhaust her administrative remedies, the actions were not materially adverse, the actions were not causally related to the alleged protected conduct, or the actions were supported by legitimate reasons.

## II.

Having reviewed the parties' submissions, the district court's memorandum opinion, and the applicable law, and having considered the parties' oral arguments, we find no error and conclude that the district court properly disposed of all of Hill's claims.

AFFIRMED